Robert W. Johnson,

        Plaintiff,

-against-

Andrew Saul,
Commissioner of Social Security,

        Defendant.

1:19-cv-03749 (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

## INTRODUCTION

In his Amended Complaint in this action, *pro se* Plaintiff Robert W. Johnson ("Plaintiff" or "Johnson") seeks judicial review of the September 20, 2017 denial of his claim for social security income ("SSI") payments, and also may be seeking review of the September 28, 2017 denial of his claim for disability insurance benefits ("DIB").[1] (*See* Am. Compl., ECF No. 4, ¶¶ 1-3.) Pending before the Court is the motion of Defendant, Andrew Saul, Commissioner of Social Security ("Defendant" or "Commissioner") to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction on the ground that Plaintiff has failed to exhaust his administrative remedies.[2] (Not. of Mot., ECF No. 26.) For the reasons explained below, Defendant's motion is GRANTED.

---

[1] The Amended Complaint refers to his 2017 application for SSI payments, which was denied on September 20, 2017. (*See* Am. Compl., ECF No. 4, at pages 2, 6 and 9 to 14 of 14.) However, it also refers to a September 18, 2017 "appeal," which related to his 2017 application for DIB. (*See id*. at page 7 of 14; *see also* Am. Compl. Exhibits, ECF No. 4-1, at 4 of 10.)

[2] Although Defendant's Notice of Motion does not set forth the Federal Rule of Civil Procedure upon which his motion is based, if a plaintiff fails to exhaust administrative remedies in this context, the Court lacks

**BACKGROUND**

On July 19, 2017, Plaintiff filed claims for SSI and DIB benefits. (Podraza Decl., ECF No. 28, ¶ 3(c).) On September 12, 2017, he received a Notice of Disapproved Claim that his DIB claim was denied because he had not earned enough work credits to qualify for benefits. (Podraza Decl. Ex. 5, ECF No. 29, at 26-28.) The Notice advised Plaintiff of his right to appeal the determination, and directed him to file a Request for Reconsideration within sixty days if he wished to exercise that right. (*Id*. at 27.)

On September 20, 2017, Plaintiff received a Notice of Disapproved Claim that his SSI claim was denied because his resources from July 2017 onward exceeded the $2,000 maximum allowed for SSI eligibility. (Podraza Decl. Ex. 6, ECF No. 29, at 29-37.) The Notice also advised Plaintiff of his right to appeal the determination, and directed him to file a Request for Reconsideration within sixty days if he wished to exercise that right. (*Id.* at 31.)

Plaintiff timely filed a request for reconsideration of his SSI claim and, on October 13, 2017, his request was denied. (*See* Podraza Decl. Ex. 7, ECF No. 29, at 38-40.) In the Notice of Reconsideration that Plaintiff received, he was advised that he had the right to request a hearing within sixty days. (*See id*. at 38.) The SSA has no record of any further administrative appeal.[3] (*See* Podraza Decl. ¶3(c).)

---

subject matter jurisdiction. *See Iwachiw v. Massanari*, 125 F. App'x 330, 332 (2d Cir. 2005). Thus, Defendant's motion is brought under Rule 12(b)(1).

[3] Plaintiff includes as part of the exhibits to the Amended Complaint a document that purports to be a Request for Reconsideration of his DIB claim that has a handwritten date at the top "09-08-17." (*See* Am. Compl. Exhibits, ECF No. 4-1, at 4.) The SSA does not have a record of this document having been filed. (*See* Podraza Decl. ¶ 3(c).)

Plaintiff filed another new SSI claim on March 28, 2019, to which he received a Notice of Disapproved Claim on July 17, 2019, explaining that his claim was denied because he did not provide the necessary information, and that he could appeal the decision by requesting reconsideration within sixty days. (Podraza Decl. ¶ 3(d); Podraza Decl. Ex. 8, ECF No. 29, at 41-45.)

On April 26, 2019, Plaintiff filed his Complaint in this action. (Compl., ECF No. 2.) On May 13, 2019, the Court ordered Plaintiff to amend his Complaint and stated that he must demonstrate that he exhausted administrative remedies or give reasons why his failure to do so should be excused. (Order to Amend, ECF No. 3, at 3-4.) The Court also directed Plaintiff that the "amended complaint will completely replace, not supplement, the original" and to include all necessary facts in the new complaint. (*Id.* at 4-5.)

On May 24, 2019, Plaintiff filed his Amended Complaint in which he states that he "exhausted his administrative remedies by appearing in person on numerous occasions with records" at an SSA office in Bronx, New York "in August and September of 2017." (Am. Compl. ¶ 6.) In June 2019, the parties consented to me conducting all proceedings in this case. (Consent, ECF No. 19.) On October 31, 2019, Defendant filed his motion to dismiss, which was supported by a memorandum of law, together with a declaration and exhibits. (Def. Mem., ECF No. 27; Podraza Decl., ECF No. 28-30.)

On November 4, 2019, Plaintiff filed a motion for default judgment. (Motion for Default Judgment, ECF No. 31.) On November 21, 2019, this Court denied Plaintiff's motion and ordered Plaintiff to respond to Defendant's motion to dismiss no later than December 20, 2019. (11/21/19

3

Order, ECF No. 32.) As of the date of this Opinion and Order, Plaintiff has not filed a response to Defendant's motion to dismiss.

**LEGAL STANDARDS**

I. **Rule 12(b)(1)**

A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On a Rule 12(b)(1) motion, the plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate that subject matter jurisdiction exists as to every claim alleged in the complaint. *See*, *e.g.*, *Payne v. Astrue*, No. 10-CV-02629 (BSJ) (THK), 2011 WL 1770789, at *3 (S.D.N.Y. Apr. 15, 2011) (citing cases); *Geller v. Prudential Ins. Co. of Am.*, No. 96-CV-00976 (FB), 2002 WL 539046, at *1 (E.D.N.Y. Apr. 9, 2002) ("It is incumbent upon [the plaintiff] to explain the justification for the Court's exercise of subject matter jurisdiction over each and every claim alleged in the complaint.").

On a Rule 12(b)(1) motion, in addition to the complaint, the Court "also may consider affidavits and other evidence outside the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in affidavits." *Citizens Against Casino Gambling in Erie Cnty v. Hogen*, 704 F. Supp. 2d 269, 274 (W.D.N.Y. 2010) (citing *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). "Indeed, courts 'must' consult factual submissions 'if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction.'" *Id.* (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 n.6 (2d Cir. 2001)).

A plaintiff's *pro se* status does not "exempt [him] from compliance with relevant rules of procedural and substantive law[.]" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (citation and

4

quotation marks omitted). However, although it is plaintiff's burden to establish that subject matter jurisdiction exists, because he is proceeding *pro se*, the Court must liberally construe his pleadings and interpret the amended complaint "to raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted); *see also Peay v. Ajello*, 470 F.3d 65, 67 (2d Cir. 2006) (complaints prepared by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers") (citations and quotation marks omitted). In addition, "[b]ecause of Plaintiff's *pro se* status, it is appropriate to consider factual allegations in his opposition papers as supplementing the Complaint, at least to the extent they are consistent with the allegations in the Complaint ." *George v. Pathways to Housing, Inc.*, No. 10-CV-09505 (ER), 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012) (citation omitted).

When the Court lacks subject matter jurisdiction over a plaintiff's claims, it lacks the authority to "proceed at all in any cause" and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868) (quotation marks omitted)).

II. **Exhaustion Requirement For Subject Matter Jurisdiction Over SSA Appeals**

The Social Security Act enables judicial review only after the applicant receives a final decision from the Commissioner. *See* 42 U.S.C. § 405(g). The "final decision" requirement has two elements: first, a claim for benefits must have been presented to the Commissioner; and second, the SSA remedies must have been exhausted. *Abbey v. Sullivan*, 978 F.2d 37, 43 (2d Cir. 1992) (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). An SSI (or DIB) applicant has received a final decision if he has proceeded through four steps: (1) received an initial eligibility

determination; (2) requested reconsideration of that determination; (3) requested a hearing before an ALJ; and (4) requested that the Appeals Council review the ALJ's decision. *See* 20 C.F.R. § 404.900(a)(1-5) (Title II administrative remedies); *see also* 20 C.F.R. § 416.1400(a)(1-5) (Title XVI administrative remedies). Once the Appeals Council issues a final decision, the plaintiff may seek federal district court review of that final decision. *See* 20 C.F.R. § 404.900(a)(5); *see also* 20 C.F.R. § 416.1400(a)(5); *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000). If a complaint does not demonstrate that a final decision exists, then the Court lacks subject matter jurisdiction over the SSA determination. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

"Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Salfi*, 422 U.S. at 765 (citation omitted); *see also City of New York*, 476 U.S. at 485 ("Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context."). However, the Supreme Court has held that Section 405(g)'s jurisdictional requirement:

> consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the [Commissioner] in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner].

*Mathews v. Eldridge*, 424 U.S. 319, 328 (1976). Thus, the Commissioner "may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or

6

because the relief that is sought is beyond his power to confer." *Id*. at 330; *see also City of New York*, 476 U.S. at 483 ("[T]he [Commissioner] has discretion to decide when to waive the exhaustion requirement.").

III.     **Waiver Of The Exhaustion Requirement**

In rare circumstances, a court may excuse a failure to exhaust administrative remedies over the Commissioner's objection. *See City of New York v. Heckler*, 742 F.2d 729, 736 (2d Cir. 1984), *aff'd sub nom Bowen v. City of New York*, 476 U.S. 467 (1986). But "exhaustion is the rule, waiver the exception." *Abbey*, 978 F.2d at 44. Courts consider three factors to determine whether a plaintiff's failure to exhaust can be excused: (1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion of the remedies would be futile; and (3) whether the plaintiff would suffer irreparable harm by the requirement to exhaust administrative remedies. *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *Abbey*, 978 F.2d at 44).

## DISCUSSION

Defendant argues in support of his motion to dismiss that this Court lacks subject matter jurisdiction over the present matter and must dismiss the case because Plaintiff did not exhaust his administrative remedies and none of the narrow exceptions to the exhaustion of remedies requirement applies. (Def. Mem. at 8-12.) The Court agrees.

I.      **Plaintiff Did Not Receive Final Decisions Regarding His SSI And DIB Claims**

With regard to the July 19, 2017 SSI claim, this Court finds that Plaintiff has not received a final decision. Plaintiff satisfied the first element of the "final decision" requirement when he presented a claim for benefits to the Commissioner by filing an SSI application. Plaintiff has not satisfied the second element because he completed only two of the four administrative steps

required for a final decision. Plaintiff completed the first step, receipt of an initial eligibility determination, when he received the Notice of Disapproved Claim dated September 20, 2017. He completed the second step, requesting reconsideration of that determination, when he filed the request for reconsideration that resulted in the Notice of Reconsideration. Plaintiff stopped without taking the third or fourth steps (*i.e.*, requesting a hearing before an ALJ and (if unfavorable) requesting that the Appeals Council review the ALJ's decision).

Plaintiff contends that SSA "denied [him] a case review for his disability claims on [a]ppeal grounds on [September 20, 2017]." (Am. Compl. ¶ 4.) He further contends that the Notice of Disapproved Claim, dated September 20, 2017, "den[ied] Plaintiff an ALJ hearing and Appeals Council Review . . .." (*Id.* at 2 of 14.) However, it is clear on the face of the Notice of Disapproved Claim that it did not deny Plaintiff a hearing and/or Appeals Council review. The Notice of Disapproved Claim contains clear instructions regarding filing a request for reconsideration, which Plaintiff followed, and the Notice of Reconsideration he subsequently received included clear instructions for requesting ALJ review. (*See* Podraza Decl. Ex. 7.)

Plaintiff also argues that he exhausted his administrative remedies by "appearing in person on numerous occasions with records" in the months of August and September 2017 at the SSA office in Bronx, New York. (Am. Compl. ¶ 6.) The Court finds that this argument is legally insufficient. *See Escalera*, 457 F. App'x at 7 (affirming dismissal for failure to exhaust notwithstanding that claimant visited local social security office to verbally object: "To the extent Escalera thought that in-person objections at the agency's Brooklyn office would satisfy the appeals process, nothing indicates that the agency had misled him to believe as much; its notices plainly stated that he had to make his request in writing, within 60 days."). In any event, his visits

to the SSA office in August and September 2017 came *before* the second step was complete. The Notice of Reconsideration, which reflected the denial of Plaintiff's request for reconsideration did not come until October 23, 2017. (*See* Podraza Decl. Ex. 7.) Plaintiff plainly could not have exhausted the last two steps in the administrative process before the prior step had concluded. Thus, the Court finds that Plaintiff did not receive a final decision regarding his July 19, 2017 SSI claim.

With regard to the July 19, 2017 DIB claim, the Court also finds that Plaintiff has not received a final decision. Plaintiff satisfied the first element of the "final decision" requirement when he presented a claim for benefits to the Commissioner by filing an SSI application. Plaintiff has not satisfied the second element because he completed only one (or possibly two) of the four administrative steps required for a final decision. Plaintiff received an initial determination and then stopped without filing a Request for Reconsideration. Plaintiff argues that he exhausted his administrative remedies by filing a Request for Reconsideration on September 18, 2017. (Am. Compl. ¶ 6.) That request is not part of the administrative record. (*See* Podraza Decl. ¶ 3(c).) Even if the record is in error and Plaintiff in fact filed the Request for Reconsideration, he still has not exhausted his administrative remedies because he did not take the third step, requesting ALJ review, and so could not have proceeded to the fourth step, requesting Appeals Council review.[4]

---

[4] In his Amended Complaint, Plaintiff is not seeking review regarding his March 28, 2019 SSI claim. Even if he were, there also was no final decision regarding that claim. Plaintiff satisfied the first element of the "final decision" requirement when he presented a claim for benefits to the commissioner by filing an SSI application. Plaintiff has not satisfied the second element because he completed only one of the four administrative steps required for a final decision. Plaintiff received an initial eligibility decision, then stopped without filing a Request for Reconsideration, and thus could not have proceeded to the third step, requesting an ALJ hearing, or the fourth step, requesting Appeals Council review.

## II. The Waiver of Exhaustion Criteria Are Not Met

Upon careful review of Plaintiff's filings, the Court finds that Plaintiff has not satisfied any of the three factors that would allow for waiver of the requirement to exhaust administrative remedies over the Commissioner's objection.

First, Plaintiff's causes of action are not collateral to his claim for review of the SSA or DIB adjudication. "The issue in suit is identical to the administrative demand." *Pavano*, 95 F.3d at 150. Plaintiff's cause of action lacks, for example, an allegation of a due process violation or of systematic policymaking by the Commissioner in violation of the Commissioner's procedures. *See Mathews v. Eldridge*, 424 U.S. 319 (1976) (claim that due process requires evidentiary hearing before benefits are terminated); *City of New York v. Heckler*, 742 F.2d 729, 732 (2d Cir. 1984) (claim that SSA promulgated procedure that violated its own regulations).

Second, Plaintiff has failed to demonstrate that exhausting the administrative remedies would be a futile exercise. Pursuing administrative remedies can result in a reversal of an initial adverse agency decision and, even if the claimant does not prevail, the exhaustion of administrative review processes results in a final agency decision and fully developed written record that would ensure a more complete review in federal court. *See Escalera*, 457 F. App'x at 6-7.[5]

---

[5] Plaintiff alleges that he filed a report with the SSA Office of the Inspector General's Allegation Management and Fugitive Enforcement Division. (Am. Compl. ¶ 6.) Although Plaintiff did not file with the Court a copy of that report, the Court infers that Plaintiff is displeased with the administrative appeals process and questions how the Commissioner has applied his regulations. A challenge to how an agency applied a valid regulation "is the paradigm for requiring exhaustion" because agencies, like courts, correct errors through their administrative appeal procedure. *See Abbey*, 978 F.2d at 47. Plaintiff's dissatisfaction with Commissioner's application of SSA procedures fits neatly within the paradigm for requiring exhaustion.

Third, Plaintiff has not demonstrated that the delay caused by exhaustion of administrative appeal procedures would subject him to "irreparable harm;" for example, deteriorating health. *See Abbey*, 978 F.2d at 46; *see also Mathews*, 891 F. Supp. at 189 (claimant did not proffer evidence of "physical harm or evidence of the type of harm that would rise to the level of irreparable injury to excuse the exhaustion requirement"); *State of N.Y.*, 906 F.2d at 918 (claimants with ischemic heart disease facing deteriorating health and possibly death needed immediate benefits).

Because Plaintiff neither has exhausted his administrative remedies nor demonstrated that those requirements should be waived, this Court finds that it lacks subject matter jurisdiction over Plaintiff's cause of action.[6]

## **CONCLUSION**

For the foregoing reasons, the Commissioner's Motion to Dismiss is GRANTED.

This Court certifies that, under 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is proactively denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438 (1962) (holding that appellant demonstrates good faith when he seeks review of nonfrivolous issue).

---

[6] Because this Court lacks subject matter jurisdiction, this Court declines to consider Plaintiff's remaining arguments.

**SO ORDERED.**

DATED: New York, New York
March 9, 2020

_____
STEWART D. AARON
United States Magistrate Judge